**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CRIMINAL NO.  H-11-861-04** |
| | § | |
| **V.** | § | |
| | § | |
| **ADAM MAIN** | § | |

**DEFENDANT MAIN'S RESPONSE AND OBJECTION TO THE
GOVERNMENT'S 404(b) NOTICE**

**TO THE HONORABLE JUDGE VANESSA GILMORE:**

Defendant Adam Main, by and through his attorney of record James Alston, files this response objecting to the government's notice of its intent to introduce 404(b) evidence at trial.

On January 22, 2014, defense counsel received an email from DOJ Trial Attorney Laura Cordova who advised that the government intended to introduce evidence at trial pursuant to Federal Rule of Evidence 404(b). *See, Exhibit A.* The attachments to the email concerned a July 9, 2010 administrative action by the Texas Physician Assistant Board against Adam Main for failing to report on his license application a 1998 arrest for the Class B misdemeanor offense of possession of marijuana. *See, Exhibit B.* The Physician Assistant Board imposed a $2,000 administrative penalty for this failure to report.  Defendant Main was 17 years old at

1

the time of the 1998 misdemeanor marijuana charge.

This administrative action is not admissible under F.R.E. 404(b) which in pertinent part states:

> (b) **Crimes, Wrongs, or Other Acts.**
>
> > (1) **Prohibited Uses.** Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
> >
> > (2) **Permitted Uses; Notice in a Criminal Case.**
> > This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

*Federal Rules of Evidence 404(b).*

Admission of the administrative action by the Physician Assistant Board is prohibited under 404(b)(1). The administrative action can not be admitted to show that Main acted in accordance with any character trait that can be attributed to his failure to report the marijuana charge to the Physician Assistant Board. Additionally, the administrative action is not admissible under 404(b)(2) as it is not relevant to proving "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Therefore, the Texas Physician Assistant Board's July 9, 2010, administrative penalty against Main is not admissible in the trial of this case.

In conclusion, defense counsel asks the Court to order the government to not mention or allude to the Texas Physician Assistant Board's administrative penalty

against Adam Main.  In the alternative, defense counsel requests a hearing outside the

presence of the jury before the government seeks to offer or introduce any 404(b)

evidence.

Respectfully submitted,


 /s/    James Alston
JAMES ALSTON
Attorney for Defendant
Fed. No. 30878
State Bar No. 00786974
914 Preston Street, Suite 3 N
Houston, Texas 77002
Ph. 713-228-1400
Fax 713-228-1401

## CERTIFICATE OF SERVICE

I, James Alston, hereby certify that a true and correct copy of the foregoing instrument was forwarded by email to DOJ Attorney Laura Cordova and all defense counsel  on February 4, 2014.

 /s/ James Alston
JAMES ALSTON

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO.  H-11-861-04** |
| | § | |
| **ADAM MAIN** | § | |

## ORDER

Having considered Defendant Adam Main's response and objection to the government's 404(b) notice, it is the ORDER of the Court that the government is precluded from mentioning or alluding to the Texas Physician Assistant Board's administrative action against Adam Main without first approaching the court and obtaining a ruling outside the presence of the jury.

SIGNED at Houston, Texas, on _____, 2014.


_____
VANESSA GILMORE
UNITED STATES DISTRICT JUDGE